UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DANIEL,  
        Plaintiff,

v.

CHERYL DENISE EDGERTON, ET AL.,

        Defendants.
                                          /

No. 08-13997

District Judge Avern Cohn

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

    Plaintiff Allen Daniel, a prison inmate in the custody of the Michigan Department of Corrections, has filed a *pro se* complaint, naming the Geico Corporation, St. Paul Travelers Insurance Company, Cheryl Denise Edgerton (an alleged employee of St. Paul Travelers), and 25 "unknown" agents, investigators and underwriters. (It is unclear whether the Plaintiff is referring to state agents, federal agents or insurance agents). The case was referred to me for all pretrial proceedings. For the reasons set forth below, I recommend that the case be dismissed *sua sponte* under 28 U.S.C. §1915(e)(2)(B), as being frivolous and failing to state a claim upon which relief can be granted.

        **I.   LEGAL STANDARD FOR DISMISSAL**

    On September 30, 2008, Plaintiff was granted leave to proceed *in forma pauperis* IFP). As an IFP filing, this complaint is subject to screening under 28 U.S.C. §1915(e)(2)(B), which provides that "the court *shall* dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; or (ii) fails to state a claim on which relief maybe granted." (Emphasis added). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct.

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6), that is, for failure to state a claim on which relief can be granted. In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[1] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937,__L.Ed.2d__ (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[2] First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. At 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief,

---

[1] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

[2] *Twombley* was an antitrust case. *Iqbal*, like the present case, was a prisoner civil rights case, although it was brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), rather than 42 U.S.C. § 1983.

-2-

which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950(Internal citations omitted).

## II.  DISCUSSION

The first question under *Twombley* and *Iqbal* asks what facts, as opposed to conclusions, have been pled. This particular complaint is extraordinarily vague and confusing. Section II of the complaint (Statement of Facts) is brief, and reads as follows:

> "Pursuant to F.R.Civ.P. 8(a)(2), these state government agents and actors, acting under the color of law with malice, fraud, discrimination, deprived plaintiff of federal rights secured by the constitution and laws of the United States. On May 15, 2004, May 16, 2004 intentionally discriminated against me based on race, sex, gender and racially profiled false reports of crimes, whereby this information and material false statements, were intentionally provided to federal agents (FBI), for false court documents in multiple official proceedings. St. Paul Ins. Co Traveler Co. and Geico Corp. comited (s9c) slander, liable (sic), defamation, false light, long arm statutes, insurance fraud, and violated (FCA) False Claim Act, and this information was broadcated (sic) all over the news media and radio, causing irreparable injury."

In terms of relief, Plaintiff seeks compensatory damages of $750,000,000 and punitive damages of $210,000 per minute from May 15, 2004.

There are multiple problems with Plaintiff's allegations:

(1) Contrary to the requirements described in *Twombley* and *Iqbal*, the complaint is composed entirely of either pure legal conclusions or "legal conclusion[s] couched as [] factual allegation[s]." *Twombley*, 550 U.S. at 555. There are no well-pled facts showing how Plaintiff was discriminated against on the basis of race and gender; what false statements were proffered in what official proceedings; or how, when and where the insurance companies slandered and defamed the Plaintiff. The complaint does not specify

-3-

what each Defendant's personal involvement was in any alleged wrongdoing.  Finally, there is no factual basis whatsoever for a claim under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, a statute which is directed at fraud that might result in financial loss to the government.

(2) Defendants Edgerton, St. Paul Travelers and Geico are private actors, and thus not amenable to suit under § 1983, which requires State action.  *Romanski v. Detroit Entertainment, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005).

(3) Apart from the vagueness and conclusory nature of the allegations, Plaintiff states that the discrimination occurred in May of 2004.  The statute of limitations for a § 1983 action is three years.  *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004).  The complaints of discrimination are time-barred.

(4)  The Plaintiff's fraud claims are insufficient on their face.  Under Fed.R.Civ.P. 9(b), fraud must be pled with particularity. Furthermore, in *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987), the Court stated the well-settled rule "that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient...."

This complaint falls far short of the factual requirements of Rule 8(a), as discussed in *Twombley* and *Iqbal*.  It does not state a claim on which relief can be granted, and insofar as it lacks a basis in law or fact, it is frivolous.  *Neitzke v. Williams, supra*. Therefore, the complaint must be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

Finally, I note that this case is one of 20 that Plaintiff has filed in this Court between June of 2006 and May of 2009. In one of those cases, *Daniel v. Hackel*, Docket No. 08-14000, Judge Friedman summarily dismissed the complaint, under

§1915(e)(2)(B), on September 25, 2008 (after the complaint was filed in the present case), noting that "Plaintiff has previously filed two civil rights complaints in this court, both of which [] were dismissed as frivolous, malicious, or for failing to state a claim upon which relief can be granted." Judge Friedman warned the Plaintiff that the dismissal was his "third strike" under 28 U.S.C. § 1915(g), which precludes a prisoner who has three prior suits dismissed as frivolous from proceeding *in forma pauperis*.[3]

Clearly, then, Mr. Daniel has by now struck out, and will not be entitled to IFP status in any future cases, absent a showing of imminent danger as set forth in § 1915(g). However, his serial litigation has been so frivolous, and has wasted so much of the Court's resources, that I recommend that he be enjoined from filing *any* further civil complaints, on an IFP basis or otherwise, without first obtaining permission of the Court to do so.

### III.   CONCLUSION

For these reasons, I recommend that Plaintiff's complaint be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §1915(e)(2)(B). I further recommend that Plaintiff be enjoined from filing any future civil complaints in the Eastern District of Michigan without first obtaining leave of the Court.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right

---

[3] The dismissal in *Daniel v. Hackel* occurred after the present complaint was filed, and does therefore not constitute a "strike" for purposes of this case. However, in another Eastern District case, *Daniel v. Edgerton*, Docket No. 08-14068 (which was virtually identical to the present case, but filed nine days later), Judge Rosen ordered dismissal under § 1915(g) unless the Plaintiff paid the entire filing fee, based on the finding that Plaintiff had additional "strikes" emanating from the Western District of Michigan. It thus appears that IFP status may have been improvidently granted in this case.

of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: July 2, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 2, 2009.

                                              s/Susan Jefferson
                                              Case Manager