UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DANIEL,

       Plaintiff,

v.                                                                       Case No. 08-CV-13997

CHERYL DENISE EDGERTON, et al.,           HONORABLE AVERN COHN

       Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

       This is a pro se prisoner civil rights case under 42 U.S.C. § 1983 in which Plaintiff, a prisoner in the custody of the Michigan Department of Corrections, claims that he was discriminated against on the basis of race and gender. On October 8, 2008, the Court issued an order referring all pretrial matters to Magistrate Judge R. Steven Whalen. On July 2, 2009, Magistrate Judge Whalen issued a Report and Recommendation ("R&R") in which he recommends that (1) Plaintiff's Complaint be dismissed with prejudice pursuant 28 U.S.C. § 1915(e)(2)(B) and (2) Plaintiff be barred from filing any further civil complaints without first obtaining leave of court. On July 15, 2009, Plaintiff filed objections to the Magistrate Judge's R&R.

       In his R&R, Magistrate Judge Whalen explains why Plaintiff's Complaint suffers from "multiple problems," see R&R at 3-5, and notes that "this case is one of 20 that Plaintiff has filed in this Court between June of 2006 and May of 2009." See R&R at 4.

1

The Court has reviewed Plaintiff's Complaint and agrees with Magistrate Judge Whalen's assessment. Therefore, the Court will accept and adopt the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. Accordingly, the Court will dismiss this case as frivolous and for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B).

The Court will also accept Magistrate Judge Whalen's recommendation that Plaintiff be barred from filing any further lawsuits in this Court. As the Magistrate Judge notes, and the Court fully agrees, Plaintiff's "serial litigation has been so frivolous, and has wasted so much of the Court's resources," that imposition a bar on Plaintiff's ability to file further lawsuits is appropriate, necessary, and far overdue. A review of the Court's docket reveals that in the past three years, Plaintiff has bombarded this Court with lawsuit after lawsuit. Plaintiff's various actions—none of which have been successful and almost all of which have been summarily dismissed—have been dismissed on the following grounds:

(1) for failure to pay the filing fee, see Daniel v. Macomb County Prosecutor, et al., 06-CV-10559;

(2) for filing a duplicative petition for habeas relief, see Daniel v. Lafler, 06-CV-12343;

(3) for failure to prosecute or to comply with court rules, see Daniel v. Granholm, et al., 06-CV-14387;

(4) for failure to exhaust state court remedies, see Daniel v. Curtin, et al., 06-CV-10718;

(5) for failure to exhaust state court remedies – again, see Daniel v. Lafler, 08-CV-12188

(6) for failure to state a claim upon which relief can be granted and as barred by Heck v. Humphrey, 512 U.S. 477 (1994), among other fatal flaws, see Daniel v. Granholm, et al., 08-CV-10863;

(7) for failure to state a claim upon which relief can be granted, see Daniel v.

Granholm, et al., 08-CV-10999;

(8) as frivolous and for failure to state a claim upon which relief can be granted, see Daniel v. Caruso, et al., 08-CV-11000;

(9) for failure to state claim upon which relief can be granted and as barred by the doctrine of res judicata, see Daniel v. McQuiggin, et al., 08-CV-13293;

(10) for failure to state claim upon which relief can be granted and as barred by the doctrine of res judicata – again, see Daniel v. Hackel, et al., 08-CV-14000;

(11) for failure to pay the filing fee, noting that Plaintiff has struck out under 28 U.S.C. § 1915(g), see Daniel v. Edgerton, et al., 08-CV-14068;

(12) for failure to state a claim upon which relief can be granted, see Daniel v. Hackel, et al., 08-CV-14076;

(13) as duplicative, yet again, see Daniel v. Cappello, 09-CV-11583;

(14) as duplicative, again, see Daniel v. Lafler, et al., 08-CV-13835;

(15) as frivolous and for failure to state claim upon which relief can be granted, see Allen v. Paionte, et al., 08-CV-13999;

(16) for failure to submit required information, Allen v. Paionte, et al., 08-CV-14075.

Enough is enough.

Accordingly,

IT IS ORDERED that Plaintiff's Complaint is DISMISSED as frivolous and for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Plaintiff's Objections to the Magistrate Judge's R&R are OVERRULED.

IT IS FURTHER ORDERED that Plaintiff has STRUCK OUT—many times over—

under 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that Plaintiff is BARRED from filing any further lawsuits in this district unless he obtains the written permission of a judge of this district.

IT IS FURTHER ORDERED that Plaintiff is on notice that should he violate the preceding decree, he will be subject to such sanctions, monetary or otherwise, as the Court deems appropriate.

IT IS FURTHER ORDERED that the Clerk of Court shall retain a copy of this Order and attach it to the file of any subsequent lawsuit filed by Plaintiff.

IT IS FURTHER ORDERED that this case is DISMISSED.

SO ORDERED.

                                       s/Avern Cohn
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE

Dated:  August 3, 2009

I hereby certify that a copy of the foregoing document was mailed to Allen Daniel #537193, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908 and the attorneys of record on this date, August 3, 2009, by electronic and/or ordinary mail.

                                     s/LaShawn R. Saulsberry
                                     Case Manager, (313) 234-5160